UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LANA LIVETSKY,                                            :
               Plaintiff,                             :
                                                              :
      -against-                                       :        **MEMORANDUM & ORDER**
                                                              :        **OF REMAND**
                                                              :        **23-cv-1549(DLI)(LB)**
Ahold Delhaize USA, Inc. and                              :
    Fifth Third Bank,                                   :
              Defendants.                           :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Court Judge:**

        On May 17, 2022, Lana Livetsky ("Plaintiff") filed this personal injury action in New York State Supreme Court, Kings County ("state court") against Ahold Delhaize USA, Inc. and Fifth Third Bank ("Defendants"), alleging state law tort claims in connection with an auto collision. *See,* Complaint ("Compl."), Dkt. Entry No. 1-1. On February 28, 2023, Defendants removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and relying on, *inter alia*, Plaintiff's bill of particulars ("BOP") and excerpted medical records to establish that the amount in controversy exceeds the $75,000 statutory jurisdictional threshold. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1, ¶¶ 10-14, 17.

        On March 7, 2023, the Honorable Lois Bloom, United States Magistrate Judge of this Court, issued an Order to Show Cause ("OTSC") as to why this case should not be remanded to state court, finding that "Plaintiff's Bill of Particulars and other medical records attached to [D]efendants' [N]otice of removal [were] insufficient to establish the amount in controversy required for removal." *See,* OTSC, Dkt. Entry No. 8, at 1-2 (collecting cases). On March 20, 2023, rather than responding directly to the OTSC, Defendants filed an Amended Notice of Removal ("Amended Notice"), wherein they added one new allegation stating that, after the

OTSC's issuance, they had obtained a $1.9 million demand from Plaintiff. *See*, Amended Notice ("Am. Notice"), Dkt. Entry No. 10, ¶¶ 14-15. In support of this new allegation, Defendants attached one new exhibit, to wit, an email correspondence, dated March 16, 2023, memorializing this demand. *See,* Email Demand, Dkt. Entry No. 10-7. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court for failure to establish subject matter jurisdiction.

## **DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). "Such requirements include establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)." *Franco v. Marina Dev. Co.,* 2022 WL 13685450, at *1 (E.D.N.Y. Oct.

2

21, 2022) (citing *Lupo*, 28 F.3d at 273-74).  Particularly, a removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal quotation marks and citations omitted).  Here, as explained below, the removal is jurisdictionally defective because, *at the time of removal*, Defendants' Notice did not contain information sufficient to satisfy the amount in controversy requirement and Defendants cannot justify removal with a damages demand or other information obtained *after* removal.

In the Notice, Defendants alleged explicitly that Plaintiff did not set forth a specific sum of damages in the Complaint or otherwise provide a monetary demand for damages. *See,* Notice, ¶¶ 7, 9.  Nonetheless, Defendants alleged that the amount is controversy requirement was satisfied because Plaintiff's BOP and excerpted medical records "indicate that Plaintiff has and is continuing to receive treatment" for injuries that "will exceed $75,000." *Id.* ¶¶ 9-11, 14 (listing injuries identified in the BOP and excerpted medical records, including, *inter alia*, "head injury," "surgical interventions consisting of teeth removal," "right frontal/prezygomatic subcutaneous hematomas," "C5-C6 flattening of the cords with mild central spinal canal stenosis with a narrowing of the neurofaramina," and other "permanent" spinal and shoulder injuries).

However, as the magistrate judge correctly explained in her OTSC, Defendants' reliance on these documents does not suffice to establish the amount in controversy required for removal.

3

*See,* OTSC, at 1-2 (collecting cases); *See, e.g., King v. Romero*, 2022 WL 18009943, at *2 (S.D.N.Y. Dec. 30, 2022) (explaining that a bill of particulars that "does not contain a specific amount that Plaintiff seeks in damages" but "discloses that Plaintiff has undergone multiple spinal surgeries" fails to establish that the amount in controversy exceeds the $75,000 threshold to a "reasonable probability"). Indeed, Defendants' regurgitation of assertions from the BOP regarding Plaintiff's alleged injuries are insufficient because they do not specify the "extent of Plaintiff's injuries…or [provide sufficient] details regarding the other losses [Plaintiff] purportedly suffered." *Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Moreover, the medical records do not include any monetary sums, and the billing statements are redacted, obscuring any potential monetary sum that might be listed therein. *See*, BOP and Medical Records, Dkt. Entry No. 1-6. As such, the Court is left to guess at the amount in controversy based on the boilerplate language in the Complaint and BOP concerning Plaintiff's injuries, which Defendants merely repeat in the Notice.

"Notwithstanding the severity of the alleged harm," such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000."[1] *See, Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *O'Neill v. Target Corp.*, 2021 WL 2634880, *2  (E.D.N.Y. June 25, 2021) (remanding case involving allegations that "plaintiff suffered serious and permanent injury to fourteen (14) different body parts" that

---

[1] It bears noting that Defendants alleged in the Notice that, "[i]n addition, Plaintiff was self-employed as a tailor and incapacitated from employment for approximately four months as a result of the subject accident." *See,* Notice, ¶ 12. However, Defendants did not allege Plaintiff's average monthly income or provide any other information upon which damages resulting from this alleged injury could be quantified.

4

"incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities"); *Thurlow v. Costco Wholesale Corp.*, 2017 WL 387087, at *2 (W.D.N.Y. Jan. 27, 2017) (finding defendant had not met its burden to establish amount in controversy requirement upon removal when plaintiff suffered "a non-displaced fracture of the left radial head and a rupture of the lateral ulnar collateral ligament" and underwent surgery to repair her injury); *See also*, *Kunstenaar v. Hertz Vehicles*, *LLC*, 2014 WL 1485843, at *2 (S.D.N.Y. Apr. 14, 2014) (noting that "an oblique reference to medical bills, standing alone, is not the explicit statement of 'monetary damages sought' required by the Second Circuit").

As noted above, in response to the magistrate judge's OTSC, Defendants filed the Amended Notice, which added only the allegation that, Defendants obtained a $1.9 million demand from Plaintiff and attached an email memorializing the demand. *See*, Am. Notice, ¶¶ 14-15; Email Demand at 1. To their own detriment, Defendants admit that they did not obtain this demand until after this case was removed and, notably, not until after the OTSC's issuance. *See,* Am. Notice, ¶ 15 ("On March 16, 2023, a demand of $1,900,000.00 was conveyed by [P]laintiff's counsel"); Email Demand at 1 (showing receipt of demand on March 16, 2023). Indeed, it is well established in this Circuit that "[j]urisdictional facts, such as the amount in controversy are evaluated 'on the basis of the pleadings, viewed *at the time when defendant files the notice of removal.*'" *Houston v. Scheno*, 2007 WL 2230093, at *3 n.3 (E.D.N.Y. July 31, 2007) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006)) (emphasis added); *See, Wurtz v. Rawlings Co.*, 761 F.3d 232, 239 (2d Cir. 2014) (same). After removing a case, a defendant cannot go out and conduct discovery to justify that removal. *See, Lupo*, 28 F.3d at 274 (declining defendant's "invitation" to return the case "to the district court to give [defendant] an opportunity

5

to establish the requisite jurisdictional amount in controversy"); *See also, Lewis v. Allied Bronze LLC*, 2007 WL 1299251, at *2 (E.D.N.Y. May 2, 2007) (explaining that "[i]t is not the province of this Court to hear an action over which it has no subject matter jurisdiction in the hope that if…counsel does the work [it] should have done before commencing it, perhaps jurisdiction will be found").

Therefore, the Amended Notice that Defendants filed in response to the magistrate judge's OTSC does not cure the aforementioned, fatal defects in the Notice. Defendants could have, and should have, obtained the information necessary to establish jurisdiction prior to removal. Accordingly, Defendants have failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand.

Notably, Defendants were not without recourse to determine the damages sought prior to removal. As Defendants acknowledge, and "[a]s courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). This procedural mechanism permits a defendant in "an action to recover damages for personal injuries" to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c). Significantly, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that

6

explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Apparently, Defendants served a request for a supplemental demand pursuant to N.Y. C.P.L.R. § 3017(c) but, fatally, they did not utilize this procedural mechanism to its fullest extent. *See,* Notice, ¶¶ 8-9. Indeed, Defendants allege that they served a request for a supplemental demand pursuant to N.Y. C.P.L.R. § 3017(c) but that Plaintiff's response "did not set forth a specific monetary demand for damages." *Id.* ¶ 9. Puzzlingly though, instead of moving in state court under N.Y. C.P.L.R. § 3017(c) for an order directing Plaintiff to serve a specific demand, Defendants proceeded to remove the case prematurely and at their own peril. *See, Cavaleri,* 2021 WL 951652, at *3 (collecting cases); *See also, Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (finding removal of state action "premature" where defendant failed to use N.Y. C.P.L.R. § 3017(c) to determine the amount of damages sought by plaintiff before removing). "Defendants should have availed themselves of the state's procedures rather than removing the action to this Court without the proper basis on which to do so." *Bader v. Costco Wholesale Corp.*, 2018 WL 6338774, at *2 (E.D.N.Y. Dec. 4, 2018) (internal quotation marks and citations omitted).

## CONCLUSION

Accordingly, as this Court lacks subject matter jurisdiction, this action is REMANDED to New York State Supreme Court, Kings County under Case Index Number 514291/2022.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2023

/s/
DORA L. IRIZARRY
United States District Judge

7